## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **ANTONIO M.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:22-cv-00035-JDL |
| | ) | |
| | ) | |
| **SOCIAL SECURITY** | ) | |
| **ADMINISTRATION** | ) | |
| **COMMISSIONER,** | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON MOTION TO DISMISS

The Plaintiff, Antonio M., filed a pro se complaint (ECF No. 8-11) in the State of Maine District Court (Cumberland County) against the Acting Commissioner of the Social Security Administration, challenging prior decisions of the Social Security Administration denying his application for Social Security disability benefits following a 2011 injury. Antonio contends that he is entitled to receive retroactive benefits for the period between his initial injury in 2011 and the Social Security Administration's determination that he was entitled to benefits in 2019. The Acting Commissioner removed (ECF No. 1) the case to this Court under 28 U.S.C.A. § 1442 (West 2022) in February 2022. The Acting Commissioner has now moved to dismiss (ECF No. 10) the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction or, in the alternative, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief.

Antonio moved to amend his complaint (ECF No. 12) to include an assertion that the SSA violated his Eighth Amendment rights, an assertion that the SSA failed to state a claim for relief, and his intention to correct the identification of the wrong court.  Because Antonio filed his motion to amend his complaint within 21 days of the SSA's motion to dismiss, he is entitled to amend his complaint as a matter of course.  Fed. R. Civ. P. 15(a)(1)(B).  The complaint is therefore ORDERED amended as requested and I consider the amendments in my analysis of the motion to dismiss.  Antonio has filed three additional motions—a Motion for Summary Judgment (ECF No. 16), Motion for Order (ECF No. 19), and Motion to Exclude (ECF No. 20).

For the following reasons, I grant the Acting Commissioner's motion to dismiss and deny Antonio's motions for summary judgment, for order, and to exclude.

## I. BACKGROUND

Antonio was severely injured in April 2011 when he was struck by a vehicle in Milwaukee, Wisconsin.  He was transported to a local hospital, and ultimately underwent surgery on both legs and one hand to treat his injuries.  Antonio first applied for Social Security disability benefits in 2011, but his request was not approved until 2019 and he did not receive back benefits for the period from 2011 to 2019.  The complaint does not contain any additional facts regarding the administrative history of his case.  The motion to amend the complaint also does not include these details, nor does it provide any factual assertions to support Antonio's contention that the SSA violated his Eighth Amendment rights.

The Acting Commissioner contends that this Court lacks subject-matter jurisdiction over Antonio's case because the complaint was originally filed in state court, which lacks jurisdiction over Social Security Administration appeals, and because the complaint was not timely filed. The Acting Commissioner argues that the complaint also fails to state a claim for relief because it was not timely filed.

## II.  LEGAL ANALYSIS

"[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). A disability claimant may obtain judicial review of a final determination by the Social Security Administration under 42 U.S.C.A. § 405(g) (West 2022) by filing a complaint in federal district court within 60 days of receiving notice of the decision. "The only avenue for judicial review [of a final Social Security Administration decision] is 42 U.S.C. § 405(g) . . . ." *Mathews v. Eldridge*, 424 U.S. 319, 327 (1976). Under the derivative jurisdiction doctrine, "if the state court [in which the action was originally filed] lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Ricci v. Salzman*, 976 F. 3d 768, 771 (7th Cir. 2020) (quoting *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981)).

Antonio filed his complaint in state court, which lacks subject-matter jurisdiction over these claims. Thus, this Court did not acquire jurisdiction upon the

removal of the case and the complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction under the derivative jurisdiction doctrine. *See, e.g.*, *Whitworth v. Comm. of Soc. Sec.*, 2022 WL 1912408, at *1 (S.D. Ill. June 3, 2022) (dismissing a Social Security action originally filed in state court and removed to federal court under the derivative jurisdiction doctrine); *Howard v. Comm. of Soc. Sec.*, Case No.: 5:20CV2139, 2020 WL 7863948, at *2 (N.D. Ohio Dec. 30, 2020) (dismissing a Social Security appeal originally filed in state court and subsequently removed to federal court for lack of jurisdiction under the derivative jurisdiction doctrine).

Even if this Court had jurisdiction, Antonio has not stated a plausible claim for relief. There is no assertion in Antonio's complaint, or in any of the subsequent motions that he has filed with this court, that he is challenging a final decision of the Social Security Administration made within sixty days of the filing of his complaint. A Social Security claimant must commence a civil action for judicial review of a final Social Security decision within 60 days after the mailing of the notice of decision, 42 U.S.C.A. § 405(g), and although this is not a jurisdictional requirement, it "generally precludes late judicial challenge to the denial of benefits." *Piscopo v. Sec'y of Health & Hum. Servs.*, No. 93-2326, 1994 WL 283919, at *3 (1st Cir. June 27, 1994) (unpublished) (quoting *Willow v. Sullivan*, 733 F. Supp. 591, 594 (W.D.N.Y. 1990)). A claimant may seek judicial review only after the expiration of the statute of limitations if he can ""sketch a factual predicate" that would' provide a basis for

tolling the statute of limitations." *Abdallah v. Bain Cap. LLC*, 752 F.3d 114, 119 (1st Cir. 2014) (quoting *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 320 (1st Cir. 2008)).  Antonio does not contend that the applicable limitations period should be tolled.  Thus, even if the complaint had been properly filed in the U.S. District Court at the outset, the complaint would still be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief.

### III.  CONCLUSION

For the reasons stated above, the Acting Commissioner's Motion to Dismiss Antonio's Complaint (ECF No. 10) is **GRANTED**.  Antonio's Motion to Amend (ECF No. 12) is **MOOT**.  Antonio's complaint (ECF No. 8-11) is **DISMISSED** and his Motion for Summary Judgment (ECF No. 16), Motion for Order (ECF No. 19), and Motion to Exclude (ECF No. 20) are **DENIED** as moot.

SO ORDERED.

Dated:  June 23, 2022

                                              /s/ JON D. LEVY
                                      **CHIEF U.S. DISTRICT JUDGE**